UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

DENNIS SHIPMAN,

Plaintiff,

v.

WELLS FARGO ADVISORS, et al.,

Defendants.

Case No. 26-cv-11894-RFL

**ORDER GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; DENYING MOTION FOR SUMMARY JUDGMENT WITHOUT PREJUDICE; DENYING MOTION TO APPEAR REMOTELY WITHOUT PREJUDICE; AND DENYING MOTION FOR TEMPORARY RESTRAINING ORDER**

Re: Dkt. Nos. 2, 3, 5, 6

Shipman filed this lawsuit against Wells Fargo and Chubb Ltd. alleging the unlawful withholding of $2,078.22 he deposited with Wells Fargo. Shipman also filed a motion to proceed *in forma pauperis*, an *ex parte* motion for a temporary restraining order, a motion for a preliminary injunction, a motion for summary judgment, and a motion to appear remotely at all future proceedings. Shipman's motion to proceed *in forma pauperis* is **GRANTED.** Pursuant to 28 U.S.C. § 1915(e)(2), a separate screening order will be issued addressing the sufficiency of his claims, the issuance of the summons, and service. The preliminary injunction motion will also be addressed separately. The motion for summary judgment is **DENIED WITHOUT PREJUDICE**. If the case proceeds, a case schedule will be set with a specified time for filing motions for summary judgment after the close of discovery, and the motion may be refiled as set

in the case schedule after discovery is complete. The motion to appear remotely is **DENIED WITHOUT PREJUDICE**. Some court proceedings are appropriate for remote hearings, and others (such as trial or evidentiary hearings) are not. If any hearing is set, Plaintiff may file a motion to appear remotely at that specific hearing.

Shipman's motion for a temporary restraining order is **DENIED.** A plaintiff seeking injunctive relief must demonstrate "he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008). Wells Fargo allegedly has withheld Shipman's funds since January 2026. (Dkt. No. 3 at 2-4.) Shipman's nine-month delay in seeking injunctive relief "implies a lack of urgency and irreparable harm." *See Oakland Trib., Inc. v. Chron. Pub. Co.*, 762 F.2d 1374, 1377 (9th Cir. 1985.)

Moreover, a temporary restraining order can only be issued without notice to the adverse party if the plaintiff "certifies in writing any efforts made to give notice and the reasons why it should not be required." Fed. R. Civ. P. 65(b)(1)(B). To effectuate this requirement, Civil Local Rule 65-1(a)(5) requires a motion for a temporary restraining order to be accompanied by a sworn "declaration . . . certifying that notice has been provided to the opposing party, or explaining why such notice could not be provided." Shipman's affidavit describes various communications with Wells Fargo about the withheld funds. (Dkt. No. 3 at 2-4.) However, Shipman does not establish he provided notice that he was seeking a temporary restraining order. And he does not provide a good reason why notice could not be provided.

**RESOURCES AVAILABLE**

Finally, Shipman is not represented by a lawyer in this case. The remainder of this Order advises Shipman of the free legal resources available to a self-represented litigant and of the rules of court, which apply to all litigants, including those proceeding without an attorney.

- **District Court Website:** The District Court website (https://www.cand.uscourts.gov/pro-se-litigants/) has information on representing yourself, including basic information on

filing, definitions of common legal terms, and templates for use in civil cases.

- **Pro Se Handbook:** The District Court has produced a guide for pro se litigants called *Representing Yourself in Federal Court*, which provides instructions on how to proceed at every stage of the case, including discovery, motions, and trial. It is available electronically online (https://cand.uscourts.gov/representing-yourself/pro-se-handbook) or you may pick a hard copy free of charge from the Clerk's Office.
- **Legal Help Center:** You may make an appointment to speak with an attorney who may be able to provide basic legal assistance, but not representation, by reaching out to the Legal Help Center. You may either call (415) 782-8982 or email fedpro@sfbar.org. This service is provided free of charge by the Bar Association of San Francisco.

**RULES OF THE COURT**

Below are some of the basic rules of which you should be aware. This list is not exhaustive, and you should refer to the Pro Se Handbook for additional rules of court and further explanations of the below rules.

- **Federal Rules of Civil Procedure:** These rules, which are available for free online (https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure), govern civil proceedings in all U.S. District Courts.
- **Civil Local Rules:** In addition to the Federal Rules of Civil Procedure, this District Court has its own set of Civil Local Rules that must be followed. They are available for free online at http://cand.uscourts.gov/localrules/civil.
- **Standing Orders:** Judge Lin has a set of standing orders which must be followed as well. They are available for free online at https://www.cand.uscourts.gov/judges/lin-rita-f-rfl/. The Civil Standing Orders, which apply to this case, are available at https://cand.uscourts.gov/sites/default/files/standing-orders/RFL-Civil-Standing-Order-11-05-2025.pdf. If this case proceeds to trial, the Civil Trial Standing Orders will also apply.
- **Electronic Filing:** Electronic filing ("e-filing") allows parties to file documents online

instead of submitting hard copies to the Clerk's Office. Parties representing themselves are not required to use e-filing but may choose to do so. There are no registration costs and no fees for e-filing, but you must obtain court approval first. For more information and to request approval, visit https://www.cand.uscourts.gov/e-file/.

**IT IS SO ORDERED.**

Dated: October 22, 2026

RITA F. LIN
United States District Judge