UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DENNIS SHIPMAN,<br>Plaintiff,<br>v.<br>WELLS FARGO ADVISORS, et al.,<br>Defendants. | Case No. 26-cv-11894-RFL<br>**ORDER OF SERVICE;**<br>**ORDER DIRECTING DEFENDANTS TO RESPOND TO MOTION FOR PRELIMINARY INJUNCTION;**<br>**INSTRUCTIONS TO CLERK;** |

Dennis Shipman, who is proceeding without the benefit of counsel, filed this lawsuit against Wells Fargo Advisors and Chubb Ltd. asserting a variety of claims related to Wells Fargo's alleged withholding of a $2,078.22 deposit. These claims include conversion; breach of fiduciary duty; unfair business practices, Cal. Bus. & Prof. Code § 17200; financial elder abuse, Cal. Welf. & Inst. Code § 15610.30; and violation of the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. Shipman's complaint is now before the Court for review pursuant to 28 U.S.C. § 1915. Shipman has also filed a motion for a preliminary injunction seeking return of his funds and an order that Wells Fargo may not block any further transfers while this litigation is pending.

When liberally construed, Shipman's complaint states a claim of conversion against Wells Fargo but does not state a claim against Chubb Ltd. The Court orders service of this complaint and the motion for preliminary injunction on Wells Fargo. Wells Fargo shall file an opposition to the motion for preliminary injunction by **December 3, 2026.** Shipman may file a reply by **December 10, 2026.** The motion will

be heard on **December 17, 2026 at 10:00 AM** by Zoom videoconference. The complaint is dismissed with leave to amend with respect to Chubb Ltd. That means Shipman may revise the complaint to correct the defects identified in this Order, as further explained below.

## DISCUSSION

A federal court must conduct a preliminary screening in any case in which a plaintiff proceeds *in forma pauperis.* 28 U.S.C. § 1915(e)(2)(B)(ii). The Court must dismiss any complaint that does not "state a claim on which relief may be granted." *Id.* A complaint states a claim for relief if it "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The Court's review is limited to the complaint and any documents properly attached to it. *Hal Roach Studios v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1989) (citation omitted). Pro se pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988).

Shipman's complaint, when liberally construed, states a claim for conversion against Wells Fargo.[1] "California law defines conversion as 'any act of dominion wrongfully asserted over another's personal property in denial of or inconsistent with his rights therein.'" *In re Bailey*, 197 F.3d 997, 1000 (9th Cir. 1999) (quoting *Igauye v. Howard*, 114 Cal.App.2d 122, 126 (Cal. Ct. App. 1952)). Shipman alleges that he deposited $2,078.22 with Wells Fargo and that Wells Fargo subsequently refused to allow him to access or transfer the funds despite repeated requests. (Dkt. No. 1 at 2.) The pleading thus "contain[s] sufficient factual matter" to state a claim of conversion. *See Ashcroft*, 556 U.S. at 678.

Shipman's complaint as currently drafted fails to state any claim against Chubb

[1] Because Shipman states at least one claim for relief, the Court does not address the sufficiency of his pleadings with respect to the other claims at this time.

Ltd. The memorandum Shipman attached to his complaint states that Chubb Ltd. is an insurance company. (Dkt. No. 1-1 at 2). Shipman does not explain in his complaint how an insurance company participated in the conversion of his bank deposit. (Dkt. No. 1.) Nor does he allege any other facts that allow the Court to draw a reasonable inference of wrongdoing by Chubb Ltd. Though the complaint contains bare allegations asserting that both defendants acted to deprive Shipman of his funds and denied him disability accommodations, these "threadbare recitals of a cause of action's elements" are insufficient. *Ashcroft*, 556 U.S. at 663.

**CONCLUSION**

For the foregoing reasons, the Court orders as follows:

1. The complaint is dismissed with leave to amend with respect to Chubb Ltd. Because it is not clear the claims against Chubb "could not be saved by any amendment," the dismissal is with leave to amend. *Zucco Partners, LLC v. Digimarc Corp.*, 552 F.3d 981, 1007 (9th Cir. 2009). That means Shipman may file an amended complaint further explaining his claims against Chubb Ltd. **If Shipman wishes to file a First Amended Complaint, he must do so by November 13, 2026**. Shipman is advised that the Court cannot refer to prior pleadings to make an amended complaint complete. Any amended complaint must be complete in itself, including all claims and parties, because it replaces the previously filed complaint. See *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992).

2. The Clerk of the Court shall issue summons to Wells Fargo Advisors. The U.S. Marshals shall serve a copy of the summons, operative complaint (Dkt. No. 1) and all attachments, the motion for preliminary injunction (Dkt No. 4) and all attachments, and this order on Wells Fargo Advisors.

3. Wells Fargo is ordered to file an opposition to the motion for preliminary injunction by **December 3, 2026.** Shipman may file a reply by **December 10, 2026.**

4. The motion for preliminary injunction will be heard on **December 17, 2026**

**at 10:00 AM by Zoom videoconference.** All parties shall appear remotely at this hearing, and there is no need for any party to file a request for a remote appearance. The parties may access the Zoom hearing by visiting Judge Lin's webpage (https://cand.uscourts.gov/judges/rfl/lin-rita-f) and clicking "Join Zoom Hearing":

**IT IS SO ORDERED.**

Dated: October 23, 2026

RITA F. LIN
United States District Judge